(57 Misc. Rep. 238.)

## LEINHARDT v. SOLOMON.

(Supreme Court, Trial Term, New York County. December, 1907.)

1. SPECIFIC PERFORMANCE—DEFAULT OF VENDOR.

Where a vendor under a contract to sell real estate was unable to place a mortgage thereon as required by the contract at the time fixed for closing the sale, and the vendee consented to several adjournments, and agreed

to a final adjournment with the understanding that there should be no further extension of the time for completing the contract, and, the vendor being unable on that day to perform, the vendee refused to consent to another adjournment, the vendor could not thereafter maintain an action for specific performance.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, §§ 299–301.]

2. SAME—DECREE.

In an action by a vendor for specific performance, where decree is rendered for vendee, the court should also order the return of the money paid by the vendee on the contract, with interest and attorney's fees incurred in examination of title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Specific Performance, § 424.]

Action by one Leinhardt against one Solomon for specific performance. Complaint dismissed.

Rosenbluth & Silverman, for plaintiff.
C. Bittner, for defendant.

McCALL, J. In this case I do not see how the conclusion can be escaped that the defendant must prevail. While it is true that the sale contemplated by this contract involved building in process of construction, there is no trouble under such circumstances in determining on a probable date, to be named in a contract, when in all likelihood they (the structures) will be in a condition of completion when the owner will be able to transfer and the prospective purchaser will be willing to take; and that; under fair inference in this case, was the precise condition. At any rate it was not asserted, nor is there any proof to sustain any contention, that it was because of any unfinished condition of the structure that the parties were unable to close at the various dates fixed. Several adjournments in the closing were had, all at the request of the plaintiff, who seemed to be unable to place the mortgages on the title his contract called for, until finally, in June, when the parties met to close on the adjourned day fixed by stipulation, the defendant consented to one more, and, as he asserts, final, adjournment to allow plaintiff to get ready. A month's delay thereafter ensued, and on the day fixed the parties again met. The plaintiff, still unable to perform, requested further delay, which was positively and unequivocally refused by the defendant, and they separated; the title not having passed. I am of the opinion that the attitude of the defendant assumed by him in granting the adjournment to July 6th, and which I find to be fully established by the proof offered, made time the essence of the contract, and in his subsequent action on July 6, 1906, the final stipulated date of adjournment, he was clearly within his legal rights and justified in his refusal to take.

It will be seen, also, that an actual tender was not made of the deed till September, 1906. And, though time were not the essence of the contract, I cannot figure, from the evidence in this case, how one could find the actual delay upon the part of the plaintiff in preparing himself to perform to be aught else than both unreasonable and unjustifiable. I am not overlooking the fact that at the time of tender there

was a mortgage burdening the title, which was not actually discharged of record till during the progress of the trial; but as to this I am quite satisfied to state that I would not regard that of any moment, if the other conditions were favorable to plaintiff's contention. On the score of the 10-day requirement found in the contract, it is too patent to require discussion that this obtains only in the event of defendant's concluding to reject title for some alleged defect which he would assert prevented the plaintiff in his judgment from giving good title, and could hardly be exacted of him in this case, when he always stood ready to perform, but was prevented by the plaintiff's own conceded inability to transfer.

It therefore follows that judgment must be rendered dismissing the complaint and decreeing the return of defendant's money paid on contract, with interest from July 6, 1906, and providing for the payment of the reasonable counsel fees and disbursements incurred in the examination of title.

Ordered accordingly.